**Lynda HOLLOWAY and Danny R. Holloway, Plaintiffs,**

v.

**WAL–MART STORES, INC., Defendant.**

**No. 1:94–CV–20.**

United States District Court, E.D. Tennessee.

Dec. 18, 1995.

Phillip C. Lawrence, Poole, Lawrence, Thornbury, Stanley & Morgan, Chattanooga, TN, for plaintiffs.

Robert W. Sauser, Luther, Anderson, Cleary & Ruth, P.C., Chattanooga, TN, for defendant.

## MEMORANDUM

COLLIER, District Judge.

This matter is before the Court upon Plaintiffs' Motion for a New Trial (Court File No. 23). Defendant filed a Memorandum in Opposition (Court File No. 25). After considering the record, the evidence presented at trial, and the applicable law, the Court will DENY the motion.

Plaintiffs rest their motion upon three grounds. First, they contend the verdict was contrary to the weight of the evidence. Second, they argue the Court erred by admitting into evidence, over Plaintiffs' objections, two photographs showing spilled milk on the floor of Defendant's store. Lastly, they allege the Court erred by refusing to admit, over Defendant's objections, a purported record of a telephone call involving Defendant's employee, Ronnie Robinson ("Robinson").

## I. STANDARD OF REVIEW

In this diversity action, the Court must apply the substantive law of Tennessee. *Miller's Bottled Gas, Inc. v. Borg–Warner Corp.*, 56 F.3d 726, 733 (6th Cir.1995), *citing Bailey v. V & O Press Co.*, 770 F.2d 601, 604 (6th Cir.1985). However, whether to grant a new trial is " 'a federal procedural question and is to be decided by reference to federal law.' " *Strunk v. Hurley*, 865 F.2d 261 (6th Cir.1988) (unpublished opinion), *quoting Toth v. Yoder Co.*, 749 F.2d 1190, 1197 (6th Cir. 1984). Under *Fed.R.Civ.P.* 59, "the question of granting or denying of a motion for a new trial following a jury verdict addresses ... the judicial discretion of the trial judge" and is subject to review under the abuse of discretion standard. *Toth*, 749 F.2d at 1197. "[W]hile the district judge has a duty to intervene in appropriate cases, the jury's verdict should be accepted if it is one which could reasonably have been reached." *Bruner v. Dunaway*, 684 F.2d 422, 425 (6th Cir. 1982), *cert. denied*, 459 U.S. 1171, 103 S.Ct. 816, 74 L.Ed.2d 1014 (1983) (*quoting TCP Indus. v. Uniroyal, Inc.*, 661 F.2d 542, 546 (6th Cir.1981) (*quoting Duncan v. Duncan*, 377 F.2d 49, 52–53 (6th Cir.1967), *cert. denied*, 389 U.S. 913, 88 S.Ct. 239, 19 L.Ed.2d 260 (1967))). Thus, the Court's responsibility is "to prevent an injustice...." *Davis v. Jellico Comm. Hosp., Inc.*, 912 F.2d 129, 133 (6th Cir.1990) (*quoting Kilgore v. Greyhound Corp.*, 30 F.R.D. 385, 387 (E.D.Tenn.1962)).

## II. ANALYSIS

### A. *Jury Verdict Contrary to Weight of Evidence*

Plaintiff contends the jury's verdict is contrary to the weight of the evidence. The Court disagrees. When determining whether to grant a new trial under this standard, courts must compare the opposing proofs, weigh the evidence, and set aside the verdict only if it determines that the jury's verdict was contrary to the clear weight of the evidence. *United States v. L.E. Cooke Co., Inc.*, 991 F.2d 336, 343 (6th Cir.1993). A court may not substitute its judgment for that of the jury, but should only act when it is convinced the jury's decision was unreasonable. *See TCP Industries, Inc. v. Uniroyal, Inc.*, 661 F.2d 542, 546 (6th Cir.1981) (noting "courts are not free to reweigh the evidence and set aside the jury verdicts merely because the jury could have drawn different inferences or conclusion or because judges feel that other results are more reasonable"); *Woodbridge v. Dahlberg*, 954 F.2d 1231, 1234 (6th Cir.1992) (same). If the result is *reasonable*, the Court should accept the verdict. *See L.E. Cooke Co., Inc.*, 991 F.2d at 343. Having considered the proof in and weighing the evidence of this case, the Court cannot say that the jury's verdict was unreasonable.

### B. *Two Photographs Offered by Defendants*

Over Plaintiffs' objections, the Court admitted into evidence two photographs taken just prior to trial, which showed spilled milk on the floor at the cashier's counter of the Wal–Mart store where Plaintiff Lynda Holloway's injuries occurred. Before the jury, Defendant admitted the photographs were not taken at the time of the incident and were not intended to depict the scene of the incident. Defendant contended the photographs demonstrated the difference in color between the floor and the milk.

Plaintiff traversed the witness on the offer prior to the admission of the photographs. Plaintiffs' questioning emphasized that the milk might not have been the same type of milk, that the quality of milk may not have been the same, and that the lighting, floor wax, and surroundings might have been different from the time of the accident. Moreover, during closing argument, Plaintiff forcefully argued the photographs did not depict the scene of the accident and should not be given much weight.

The Court admitted the photographs because they had a tendency to make the existence of a fact of consequence to the determination of the action more probable than not, and, additionally, the Court saw no unfair prejudice to Plaintiff. *See Fed. R.Evid.* 401, 402, 403. Indeed, the witness testified that milk spilled on the floor would be noticeable. A court's rulings regarding the admission of evidence is subject to the

abuse of discretion standard. *Nida v. Plant Protection Ass'n Nat.,* 7 F.3d 522, 527 (6th Cir.1993), *quoting Polk v. Yellow Freight System, Inc.,* 876 F.2d 527, 532 (6th Cir.1989) (noting the reviewing court must be "firmly convinced that a mistake has been made regarding admission of evidence"). Given Defendant's purpose for admitting the photographs and Plaintiff's questioning of the witness, the Court finds no error in the admission of the two photographs.

### C. *Exclusion of Report of Telephone Conversation*

■ During the cross-examination of witness Robinson, Plaintiff had him read to the jury a portion of a document. This document allegedly was a contemporaneous report prepared by a Wal–Mart employee in Little Rock, Arkansas, while talking by telephone with Robinson, who was in Chattanooga. When Plaintiff moved for admission of the document, Defendant objected on grounds of hearsay and lack of foundation. Plaintiff attempted to lay a foundation for the document through Robinson but was unsuccessful: Robinson had not prepared the document, had never seen it, and could not vouch for its authenticity. Plaintiff bore the burden of laying a proper foundation for the document's admission but simply failed to do so. *See Fed.R.Evid.* 901(a) (requiring authentication "as a condition precedent to admissibility").

In deciding to exclude the exhibit itself, the Court considered that Plaintiff had already had Robinson read the part of the exhibit in which he was most interested. By reading that part of the exhibit into the record and to the jury, Plaintiff, in effect, had that part of the exhibit admitted. *See Leonard v. Uniroyal, Inc.,* 765 F.2d 560, 567 (6th Cir.1985) (noting an error in failing to admit evidence is harmless "if other substantially equivalent evidence of the same facts has otherwise been admitted into evidence") (citation omitted). The remainder of the exhibit did not relate directly to the impeachment of Robinson. Consequently, Plaintiffs made effective use of the document, and exclusion of it did not prejudice them. The Court finds exclusion of the document was not error. *See Nida,* 7 F.3d at 527 (noting a court's rulings regarding the admission of evidence is subject to the abuse of discretion standard).

## III. CONCLUSION

For the reasons set forth herein, Plaintiffs' motion for a new trial will be **DENIED**.